UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-2104 JVS (JCGx) | Date | January 13, 2017 |
|---|---|---|---|

| Title | Amy Vanderhule v. Amerisource Bergen Drug Corp., et al. |
|---|---|

| Present: The Honorable | James V. Selna |
|---|---|

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers)**
**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Plaintiff Amy Vanderhule ("Vanderhule") moved to remand this case to state court. Docket No. 13. Defendants Amerisource Bergen Corp., Amerisource Bergen Drug Corp., and Heidii Thompson ("Thompson") (collectively, "Amerisource") opposed. Docket No. 14. Vanderhule replied. Docket No. 15.

For the following reasons, the Court **grants** the motion to remand.

## BACKGROUND

Vanderhule started work as a pharmacy technician for Amerisource in October 2009. Docket No. 1, Complaint ¶ 9. In October 2015, she began to suffer from gastrointestinal problems, including chronic nausea, vomiting, and diarrhea. Id. ¶ 10. This required her to frequently visit the bathroom. Id. Vanderhule's supervisor, Operations Manager Sarah Andrews ("Andrews"), noticed Vanderhule's frequent bathroom trips and "sarcastically" asked Vanderhule if she had a medical condition. Id.

Vanderhule's physician recommended that Amerisource allow her an additional two bathroom breaks per shift. Id. ¶ 12. Vanderhule provided a doctor's note to Andrews, but Andrews told Vanderhule that the breaks were excessive and that Vanderhule would need to clock out for the breaks. Id.

After Vanderhule's condition did not improve, her physician recommended that she take a short medical leave for further testing. Id. ¶ 13. Vanderhule took leave beginning on October 31, 2015. Id. Shortly thereafter, Vanderhule spoke with Thompson,

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-2104 JVS (JCGx) | Date | January 13, 2017 |
| Title | Amy Vanderhule v. Amerisource Bergen Drug Corp., et al. | | |

a Senior Human Resources Advisor. Id. ¶ 14. Vanderhule complained about Andrews' behavior; in response, Thompson ridiculed Vanderhule and laughed at her complaints. Id.

In January 2015 Vanderhule returned to work. Id. ¶ 15. But she soon began experiencing the same symptoms again. Id. Her physician placed her on medical leave until March 20, 2016. Id. Vanderhule informed her immediate supervisor, Andrew Agnew. Id. ¶¶ 15–16. He told her that Human Resources had instructed him to count her time off as unexcused paid time off until he received further medical verification.

On March 16, 2016, Thompson called Vanderhule. Id. ¶ 17. She said that it appeared Vanderhule had "just been calling in." Id. After Vanderhule stated that she had received a doctor's note, Thompson responded that "[a]nyone can get a doctor's note." Id. She also said "[i]t looks like your notes are from different doctors, which looks suspicious." Id. Thompson further told Vanderhule that lots of people worked with her condition and implicitly threatened her: "You are a valuable employee and we would hate to lose you because you are absent so much." Id. ¶ 18.

On March 18, 2016, Amerisource fired Vanderhule. Id. ¶ 19. She then brought this suit for a variety of employment claims, including a claim for intentional infliction of emotional distress (IIED) against Thompson.

**LEGAL STANDARD**

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This strong presumption "against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is "complete diversity between the parties" only if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection

Case 8:16-cv-02104-JVS-JCG Document 20 Filed 01/17/17 Page 3 of 8 Page ID #:222

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-2104 JVS (JCGx) | Date | January 13, 2017 |
| Title | Amy Vanderhule v. Amerisource Bergen Drug Corp., et al. | | |

Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). But a well-established exception to the requirement of complete diversity arises "where a non-diverse defendant has been 'fraudulently joined'" or is otherwise known as a sham defendant. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder of a non-diverse defendant is deemed fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

In assessing whether the plaintiff fails to state a cause of action where fraudulent joinder is at issue, "the Court may look beyond the pleadings." Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. Dec. 21, 2009). "Thus, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Id. The removing party asserting fraudulent joinder "carries a heavy burden of persuasion" in making this showing. Nelson v. Diebold, Inc., 2015 WL 4464691, at *1 (C.D. Cal. July 21, 2015). It must show "that the plaintiff 'fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (alteration in original) (quoting Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)).

Therefore, where there is doubt as to whether the plaintiff states a cause of action against the defendant, "the doubt is ordinarily resolved in favor of the retention of the case in state court." Albi v. Street & Smith Publications, Inc., 140 F.2d 310, 312 (9th Cir. 1944). "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." Macey, 220 F. Supp. 2d at 1117.

## ANALYSIS

Amerisource removed this case on the basis of diversity jurisdiction under 28 U.S.C. § 1332 (a). Docket No. 1, Notice of Removal. Section 1332 requires complete diversity of citizenship: each defendant must be a citizen of a different state than each plaintiff. Owen Equip. & Erection Co., 437 U.S. at 373.

Here Vanderhule is a California citizen and both Amerisource Bergen corporations

Case 8:16-cv-02104-JVS-JCG Document 20 Filed 01/17/17 Page 4 of 8 Page ID #:223

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-2104 JVS (JCGx) | Date | January 13, 2017 |
|---|---|---|---|
| Title | Amy Vanderhule v. Amerisource Bergen Drug Corp., et al. | | |

are Delaware corporations and their principal places of business are in Pennsylvania. Compl. ¶ 1–4; Docket No. 1, Ex. B ¶ 4, 6. But because Vanderhule and Thompson are California citizens there is not complete diversity between the parties. See id. ¶ 2, 5. Despite this, a court may find diversity jurisdiction exists where the non-diverse defendant has been fraudulently joined to the action. Morris, 236 F.3d at 1067.

Amerisource argues that Vanderhule fraudulently joined Thompson to this action to destroy diversity jurisdiction. Opp'n at 1–2. Amerisource argues that Thompson is a sham defendant for three reasons. First, Thompson's actions were general personnel activity performed within the scope of her employment; therefore, they cannot form the basis for an IIED claim. Opp'n at 2. Second, none of Thompson's conduct qualifies as IIED because it was not "outrageous" or "beyond the bounds of human decency." Id. Third, the California Workers' Compensation Act preempts Vanderhule's claims. Id.

## I. Vanderhule has sufficiently alleged outrageous conduct.

To prevail on a claim of IIED, a plaintiff must prove: (1) outrageous conduct by the defendant with the intention of causing or reckless disregard of the probability of causing emotional distress; (2) severe emotional suffering; and (3) actual and proximate causation of emotional distress." See Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009); see also Life Ins. Co. of N. Am. v. Capps, 660 F.2d 392, 394 (9th Cir. 1981) (noting that "outrageous conduct" is an essential element of an IIED claim). "Outrageous conduct," the first element of an IIED claim, is conduct which exceeds "'all bounds of that usually tolerated in a civilized society.'" Schneider v. TRW, Inc., 938 F.2d 986, 992 (9th Cir. 1991) (quoting Trerice v. Blue Cross, 209 Cal. App. 3d 878, 883 (1989)).

Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 80 (1996), established that personnel management decisions cannot support an IIED claim. Personnel management include "hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like[.]" Id. at 64–65. But an IIED claim is possible if the supervisor's behavior goes beyond termination, such as violating an employee's "fundamental interest . . . in a deceptive manner that results in the plaintiff being denied rights granted to other employees." Dagley v. Target Corp., No. CV 09-1330VBFAGRX, 2009 WL 910558, at *3 (C.D. Cal. Mar. 31, 2009) (quoting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-2104 JVS (JCGx) | Date | January 13, 2017 |
| Title | Amy Vanderhule v. Amerisource Bergen Drug Corp., et al. | | |

Gibson v. Am. Airlines, No. C 96-1444, 1996 WL 329632, at *4 (N.D.Cal. June 6, 1996)).

Here Vanderhule argues that several aspects of Thompson's behavior cannot qualify as personnel management activity. Mot. at 11. First, Vanderhule alleges that Thompson refused to investigate Vanderhule's claim that Andrews was punishing Vanderhule for requesting accommodations. Compl. ¶ 14. Second, Thompson deceived Vanderhule by telling her that she had no available leave. Compl. ¶ 17–18. Third, Thompson accused Vanderhule of lying about her doctor's notes. Id. ¶ 18. Fourth, Thompson threatened Vanderhule and did not tell her that she was about to be fired. Id. ¶ 18–19.

The Court finds that there is at least some possibility that Thompson's behavior does not qualify as personnel management activity. Although a decision about whether to investigate a discrimination claim is a personnel management decision, insulting that employee, questioning her medical condition, and deceiving her with respect to her leave are not. See Corona v. Quad Graphics Printing Corp., No. CV1606450SJOSKX, 2016 WL 6462160, at *4–5 (C.D. Cal. Oct. 31, 2016) (allegations of deception and intimidation enough to defeat personnel management exception for removal purposes).

Likewise, these allegations are also sufficient to compel remand. Vanderhule's allegations, if proven, could support a claim for harassment-motivated discrimination and thus potentially form the basis for an IIED claim. Furthermore Vanderhule was suffering from an allegedly severe medical condition and thus may have been particularly susceptible to Thompson's actions. Therefore, the Court finds a "non-fanciful possibility" that Thompson's alleged conduct was sufficiently outrageous to support an IIED claim. See Barsell v. Urban Outfitters, Inc., No. CV0902604MMMRZX, 2009 WL 1916495, at *7 (C.D. Cal. July 1, 2009).

## II. California Workers' Compensation Act

The California Workers' Compensation Act provides the exclusive means of remedy for employee's injuries "arising out of and in the course of . . . employment." Cal. Labor Code § 3600(a). "Generally, claims for emotional distress caused by [an] employer's conduct causing distress such as '[termination], demotion, discipline or criticism'" are preempted by the Act so long as the conduct is a "normal risk of the

Case 8:16-cv-02104-JVS-JCG Document 20 Filed 01/17/17 Page 6 of 8 Page ID #:225

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 16-2104 JVS (JCGx)                    Date   January 13, 2017

Title     Amy Vanderhule v. Amerisource Bergen Drug Corp., et al.

employment relationship." Onelum, 948 F. Supp. 2d at 1054. Two exceptions include actions that contravene public policy or exceed the risks inherent in the employment relationship. Livitsanos v. Superior Court, 2 Cal. 4th 744, 754 (1992).

Amerisource argues that the California Supreme Court's decision in Miklosy v. Regents of Univ. of California, 44 Cal. 4th 876 (2008), eliminated plaintiffs' ability to bring IIED claims for discrimination or animus. Opp'n 13–15. This is an overly broad reading of Miklosy, which focused on whether a whistle blower could recover for conduct that "occurred at the worksite, in the normal course of the employer-employee relationship[.]" Miklosy, 44 Cal. 4th at 902. Miklosy held that the Livitsanos exception for public policy only permitted a "Tameny action to proceed despite the workers' compensation exclusive remedy rule." Id. at 902–03. It also held that whistle blowing was a risk inherent to the employer-employee relationship. Id. Amerisource argues that this holding bars any claims for IIED arising from disability discrimination.

Post-Miklosy, California district courts have found IIED claims preempted when the allegedly outrageous conduct related to whistleblower claims. See, e.g., Nguyen v. Durham Sch. Servs. L.P., No. SACV151243JLSDFMX, 2016 WL 3436381, at *2 (C.D. Cal. June 16, 2016) Langevin v. Fed. Exp. Corp., No. CV 14-08105 MMM FFMX, 2015 WL 1006367, at *7 (C.D. Cal. Mar. 6, 2015)..

But California district courts have generally not applied Miklosy to discrimination claims. See Charles v. ADT Sec. Servs., No. CV 09-5025 PSG AJWX, 2009 WL 5184454, at *3 (C.D. Cal. Dec. 21, 2009) ("The presence of alleged disability discrimination takes Plaintiff's case out from under § 3601(a)."); Barsell, 2009 WL 1916495 at *4 ("Because this claim is based on allegations of disability discrimination, there is a non-fanciful possibility that the workers' compensation exclusivity provisions do not bar [plaintiff's claim[.]"). Hence, courts have held that IIED claims are not preempted by the Workers Compensation Act when they involve separate discrimination claims, such as allegations that an employer discriminated against the plaintiff by refusing to provide medical leave for a disability. See, e.g., Corona, 2016 WL 6462160 at *3–4 (IIED claims not preempted when they concerned physical disability discrimination); Macias v. Levy Premium Foodservices Ltd. P'ship, No. 214CV09220SVWPLA, 2015 WL 12747900, at *3 (C.D. Cal. Feb. 12, 2015) (IIED claim not preempted when based on harassment on the basis of race and sexual orientation); Wason v. Am. Int'l Grp., Inc., No. 09CV2752-LAB CAB, 2010 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 16-2104 JVS (JCGx)                    Date   January 13, 2017

Title   Amy Vanderhule v. Amerisource Bergen Drug Corp., et al.

1881067, at *6 (S.D. Cal. May 6, 2010) (discussing Barsell, 2009 WL 1916495 at *4) (IIED claim not preempted for physical disability discrimination).

Here Vanderhule alleges that Thompson mocked her disability, deceived Vanderhule about her leave, threatened her, and hid her impending termination. Therefore, her claim is similar to those in Corona, Wason, and Barsell, all of which held that claims of IIED based on harassment and discrimination were not preempted. Resolving any doubts in Vanderhule's favor, these allegations suggest that the Workers' Compensation Act does not preempt IIED claims based on disability discrimination.

Amerisource's cited cases do not contradict this finding. First, Amerisource relies on Langevin and Nguyen v. Durham Sch. Servs. L.P., No. SACV151243JLSDFMX, 2016 WL 3436381, at *3 (C.D. Cal. June 16, 2016). Opp'n at 14 (citing 2015 WL 1006367 at *7). But Langevin and Nguyen, like Miklosy, only concerned plaintiffs' claims for whistleblower retaliation. Therefore, they do not support Amerisource's argument that Miklosy preempts discrimination-based IIED claims.

Second, Amerisource cites several inapplicable cases that involve discrimination claims: Kaldis v. Wells Fargo Bank, N.A., No. 216CV06407ODWGJS, 2016 WL 6407377, at *5 (C.D. Cal. Oct. 28, 2016); Plummer v. Tesoro Ref. & Mktg. Co., No. CV1602044SJOJEMX, 2016 WL 3180327, at *4 (C.D. Cal. June 3, 2016); and Duran v. DHL Express (USA), Inc., No. CV 15-09965-BRO (EX), 2016 WL 742864, at *8 (C.D. Cal. Feb. 24, 2016). Although these cases involved allegations of discrimination, they focused narrowly on personnel management decisions — not discriminatory comments and harassment. Plummer and Duran concerned discipline and a failure to provide leave, respectfully. Likewise Kaldis found an IIED claim preempted because it was based "solely on [defendant's] personnel management decision." 2016 WL 6407377. In contrast, here Thompson's allegedly discriminatory comments are what's at issue — not her personnel management decisions. Therefore, these cases are also distinguishable.

Therefore, resolving doubts in Vanderhule's favor, the Court finds that there is a non-fanciful possibility that Vanderhule can maintain her IIED claim despite the Workers' Compensation Act. As a result, remand is appropriate.

### III.   Vanderhule's Request for Attorneys' Fees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-2104 JVS (JCGx) | Date | January 13, 2017 |
| Title | Amy Vanderhule v. Amerisource Bergen Drug Corp., et al. | | |

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Despite the Court's decision to remand the case, the Court finds that Amerisource did not lack an objectively reasonable basis for removal. As discussed, the post-Miklosy law on preemption is muddled; and preemption could defeat a facially valid IIED claim. Therefore, Amerisource had a reasonable, if ultimately incorrect, basis to argue that Vanderhule's claim might be preempted.

## CONCLUSION

For the foregoing reasons, the Court **grants** Vanderhule's motion to remand and **denies** her request for attorneys' fees.

| | | |
|---|---|---|
| | Initials of Preparer | kjt |